RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. M
DATE 1-13-4

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JAN 14 P 3:57

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| MERRIMACK MUTUAL FIRE INSURANCE COMPANY, a/so/ JOHN McDONOUGH<br>Plaintiff,<br><br>v.<br><br>APPLICA CONSUMER PRODUCTS, INC.,<br>Defendant. | CIVIL ACTION NO.<br><br>04c 10091 MLW<br><br>MAGISTRATE JUDGE Bowler |

## NOTICE OF REMOVAL

The defendant, Applica Consumer Products, Inc. ("Applica"), hereby notices the removal of the following described action from the Superior Court of Plymouth County, Commonwealth of Massachusetts ("State Court"), to the United States District Court for the District of Massachusetts ("District Court"), as authorized by 28 U.S.C. § 1441, et seq. Applica respectfully submits the following grounds for removal:

I.

The plaintiff, Merrimack Mutual Fire Insurance Company, a/s/o John McDonough ("the plaintiff") filed suit against Applica on November 5, 2003, in a suit entitled, Merrimack Mutual Fire Insurance Company, a/s/o John McDonough v. Applica Consumer Products, Inc., Civil Action No.: PLCV2003-01318-B, in the Superior Court of Plymouth County, Commonwealth of Massachusetts ("State Court action"). A copy of the plaintiff's Summons and Complaint ("Complaint") is attached hereto as Exhibit A.

II.

Applica was served with a copy of the Complaint and Summons on December 31, 2003. Applica has not yet filed an Answer to the Complaint. Applica has not been served with any other pleadings or orders in the State Court action.

21907.1

III.

Applica was served with a copy of the Complaint on December 31, 2003, and this Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. § 1446 (b).

IV.

The Complaint seeks an unspecified amount of damages from Applica for property damage, which resulted from the alleged mechanical failure of a toaster which was distributed by Applica. The plaintiff seeks these damages from Applica based on theories of negligence, breach of warranty and a violation of M.G.L. c. 93A. The nature of the plaintiff's allegations are clearly stated in the Complaint, attached hereto as Exhibit A. Applica denies any and all liability on its part for the plaintiff's claims, and has valid defenses thereto.

V.

The captioned District Court sits in the district and division embracing the place where the State Court action is pending.

VI.

The District Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff is a citizen of Massachusetts, residing in the Town of Marshfield, County of Plymouth, Commonwealth of Massachusetts. Applica is a corporation duly organized and existing under the laws of Florida, with a principal place of business in Miami Lakes, Florida. The amount in controversy, in the event that the plaintiff is to prevail on his claims, exceeds $75,000 exclusive of interest and costs.

VII.

Pursuant to 28 U.S.C. § 1332 (a), the District Court has original jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and which are between citizens of a state and citizens or subjects of a foreign

state. Pursuant to 28 U.S.C. § 1332 (c) (1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. Therefore, the District Court has original jurisdiction under 28 U.S.C. 1332, and this action may be removed from the State Court pursuant to 28 U.S.C. § 1441 (a) and (b).

### VIII.

Applica is the only defendant in this matter.

### IX.

A list of all counsel of record is attached hereto as Exhibit B. An index of all matters being filed herewith is attached hereto as Exhibit C.

### X.

Applica appears herein by and through its attorneys specifically and solely for the purpose of removing the State Court action to the District Court.

### XI.

Promptly after filing this Notice of Removal of the State Court action, Applica will give written notice of such filing to the plaintiff, and will file a copy of the Notice of Removal with the Clerk of the State Court, which shall effect the removal of the State Court action and the State Court shall proceed no further unless and until the case is remanded.

WHEREFORE, the defendant, Applica Consumer Products, Inc., prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Complaint be removed from the State Court to the District Court for trial and determination as provided by law, that the District Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said State Court action, and thereupon proceed with this civil action as if it had originally been commenced in the District Court.

SO NOTICED this 14th day of January, 2004.

21907.1

Respectfully Submitted,
Applica Consumer Products, Inc.,
By its attorneys,

/s/ Maynard M. Coan

Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

CERTIFICATE OF SERVICE

I, Geoffrey M. Coan, hereby certify that I have this 14th day of January, 2004, served a copy of the foregoing upon all parties of record by mailing same postage prepaid to:

Edward A. Prisby, Esquire
Hunt, Clark and Embry
55 Cambridge Parkway
Cambridge, MA 02142

/s/ Geoffrey M. Coan

4

21907.1