UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MERRIMACK MUTUAL FIRE
INSURANCE COMPANY, a/so/ JOHN
McDONOUGH
         Plaintiff,

v.

APPLICA CONSUMER PRODUCTS, INC.,
         Defendant.

CIVIL ACTION NO. 04CV10091-MLW

## ANSWER OF THE DEFENDANT, APPLICA CONSUMER PRODUCTS, INC., TO THE PLAINTIFF'S COMPLAINT

Now comes the defendant, Applica Consumer Products, Inc. ("Applica"), and hereby responds to the plaintiff's Complaint as follows:

### PARTIES

1. Applica lacks sufficient information to admit or deny the allegations of Paragraph 1 of the plaintiff's Complaint.

2. Applica lacks sufficient information to either admit or deny the allegations of Paragraph 2 of the plaintiff's Complaint.

3. Applica admits that it is a Florida corporation with a principal place of business in Miami Lakes, Florida, that it is engaged in business in the Commonwealth of Massachusetts and that distributes small household appliances. Applica denies the remaining allegations of Paragraph 3 of the plaintiff's Complaint.

### JURISDICTION

4. Applica neither admits nor denies the allegations of Paragraph 4 of the plaintiff's Complaint as it is a legal conclusion to which no response is required.

### FACTS

5. At all times relevant to the plaintiff's Complaint, Applica distributed the Black 'N' Decker toaster, model T1200. Applica denies the remaining allegations of Paragraph 5 of the plaintiff's Complaint.

22210.1

6. Applica denies the allegations contained in Paragraph 6 of the plaintiff's Complaint.

7. Applica denies the allegations of Paragraph 7 of the plaintiff's Complaint.

8. Applica lacks sufficient information to either admit or deny the allegations of Paragraph 8 of the plaintiffs' Complaint.

9. Applica lacks sufficient information to either admit or deny the allegations of Paragraph 9 of the plaintiff's Complaint. To the extent that Paragraph 9 contains any allegations against Applica, they are denied.

10. Applica neither admits nor denies that Merrimack Mutual is now legally subrogated to the recovery of the aforementioned claim payment from Applica. Applica denies that the toaster oven was defective or that it manufactured the toaster oven.

## FIRST COUNT – BREACH OF EXPRESSED WARRANTY

11. Applica repeats and incorporates herein by reference its responses to Paragraphs 1 through 10 of the plaintiff's Complaint.

12. Applica neither admits nor denies the allegations in Paragraph 12 of the plaintiff's Complaint as it is a legal conclusion to which no response is required. To the extent this paragraph makes any factual allegations against Applica, they are denied.

13. Applica denies the allegations contained in Paragraph 13 of the plaintiff's Complaint.

14. Applica denies the allegations contained in Paragraph 14 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Applica Consumer Products, Inc., requests the Court to dismiss the First Count of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

## SECOND COUNT – BREACH OF IMPIED WARRANTY OF MERCHANTABILITY

15. Applica repeats and incorporates herein by reference its responses to Paragraphs 1 through 14 of the plaintiff's Complaint.

16. Applica neither admits nor denies Paragraph 16 of the plaintiff's Complaint as it is a legal conclusion to which no response is required. To the extent this paragraph makes any factual allegations against Applica, they are denied.

17. Applica denies the allegations contained in Paragraph 17 of the plaintiff's Complaint.

18. Applica denies the allegations contained in Paragraph 18 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Applica Consumer Products, Inc., requests the Court to dismiss the Second Count of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

### THIRD COUNT – NEGLIGENCE

19. Applica repeats and incorporates herein by reference its responses to Paragraphs 1 through 18 of the plaintiff's Complaint.

20. Applica denies the allegations contained in Paragraph 20 of the plaintiff's Complaint.

21. Applica denies the allegations contained in Paragraph 21 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Applica Consumer Products, Inc., requests the Court to dismiss the Third Count of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

### FOURTH COUNT – UNFAIR AND DECEPTIVE BUSINESS PRACTICES

22. Applica repeats and incorporates herein by reference its responses to Paragraphs 1 through 21 of the plaintiff's Complaint.

23. Applica neither admits nor denies Paragraph 23 of the plaintiff's Complaint as it is a legal conclusion to which no response is required. To the extent a response is required, Applica admits that, at all times relevant to the plaintiff's claim, it was engaged in interstate commerce and that it conducted business in the Commonwealth of Massachusetts.

24. Applica denies the allegations contained in Paragraph 24 of the plaintiff's Complaint.

25. Applica admits that counsel for plaintiff sent a letter dated September 11, 2003 purportedly pursuant to M.G.L. c.93A. Applica denies the remaining allegations contained in Paragraph 25 of the plaintiff's Complaint.

26. Applica admits that counsel for Applica responded to the September 11, 2003 letter on October 8, 2003, as alleged in Paragraph 26 of the plaintiff's Complaint.

27. Applica admits that counsel for plaintiff responded to defendants letter dated September 11, 2003 as contained in Paragraph 27 of the plaintiff's Complaint.

28. Applica denies the allegations contained in Paragraph 28 of the plaintiff's Complaint.

WHEREFORE, the Defendant, Applica Consumer Products, Inc., requests the Court to dismiss the Fourth Count of the plaintiff's Complaint and enter judgment in its favor, together with its costs.

## FIRST AFFIRMATIVE DEFENSE

And further answering, Applica states that counts I through IV of the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

And further answering, Applica says that if it was negligent or committed any tort, which it denies, it is not liable as the plaintiff's injuries were due to an intervening or superceding cause.

## THIRD AFFIRMATIVE DEFENSE

And further answering, Applica says that if the plaintiffs prove that the defendant was at fault as alleged, the plaintiff was at fault to a greater degree than the defendant and is barred from recovery.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, Applica says that plaintiff's recoveries, if any, must be diminished by the proportion of fault that is applicable to the plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, Applica says that no such warranties arose as claimed by the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, Applica denies that it breached any express warranties of any kind to any person and/or entity through whom the plaintiff is entitled to claim.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, Applica says that plaintiff lacks privity with the defendant, and its claims based on warranty are barred in whole or in part.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, Applica says that it denies liability for any design defect, since no product was designed or manufactured by it.

## NINTH AFFIRMATIVE DEFENSE

And further answering, Applica says that it denies liability for any failure to give adequate warnings, since no product was designed or manufactured by it.

### TENTH AFFIRMATIVE DEFENSE

And further answering, Applica says that no notice of any alleged breach of warranty was given to it as required by law and Applica was thereby prejudiced.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, Applica says that it has performed and fulfilled all promises and obligations arising under all applicable warranties and, therefore, the plaintiff is barred from recovery.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, Applica says that it denies liability for any implied warranty of merchantability since any product sold by it was fit for the ordinary purpose for which said product was used.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, Applica says that any product it sold was fit for its particular purpose and therefore the plaintiffs are barred from recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, Applica says that the plaintiff's right to recovery, if any, are limited pursuant to the limited warranty applicable to the product.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, Applica says that if the plaintiff incurred any damages, as alleged in its Complaint, the plaintiff assumed the risk inherent in the activity in which it were engaged at the time any damages were incurred.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, Applica says that, if the plaintiff incurred any damages as alleged in its Complaint, these damages were incurred solely by the misuse of the product identified in the Complaint without any negligence or strict liability or breach of warranty on the part of Applica.

### SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, Applica says if the plaintiff incurred any damages as alleged in its Complaint, such damages were incurred wholly as a result of modification of the product identified in the Complaint without any negligence, strict liability or breach of warranty on behalf of Applica.

5

22210.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, Applica says that the plaintiff has failed to comply with the demand requirements of notice in M.G. L. ch. 93A, §9, and, therefore, the plaintiff is barred from recovery.

## JURY DEMAND

THE DEFENDANT, APPLICA CONSUMER PRODUCTS, INC. DEMANDS A TRIAL BY JURY ON ALL ISSUES WHERE THERE IS A RIGHT TO JURY TRIAL.

Respectfully Submitted,
Applica Consumer Products, Inc.,
By its attorneys,

*/s/ Geoffrey M. Coan*
Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Geoffrey M. Coan, hereby certify that I have this 22 day of January, 2004, served a copy of the foregoing upon all parties of record by mailing same postage prepaid to:

Edward A. Prisby, Esquire
Hunt, Clark and Embry
55 Cambridge Parkway
Cambridge, MA 02142

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan

22210.1