24

Commonwealth of Massachusetts
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

01/27/2004
12:13 PM

**PLCV2003-01318**

FILED
CLERK'S OFFICE

rimack Mutual Fire Insurance Company a/s/o John McDonough v Applica Consumer Products, Inc

2004 JAN 29 P 3: 04

DISTRICT COURT
DISTRICT OF MASS.

| | | | | |
|---|---|---|---|---|
| File Date | 11/07/2003 | Status | Disposed: transfered to other court (dtrans) | |
| Status Date | 01/26/2004 | Session | B - Civil B - CtRm 1 (Plymouth) | |
| Origin | 1 | Case Type | B05 - Products liability | |
| Lead Case | | Track | A | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 02/05/2004 | Answer | 04/05/2004 | Rule12/19/20 | 04/05/2004 |
| Rule 15 | 01/30/2005 | Discovery | 12/26/2005 | Rule 56 | 02/24/2006 |
| Final PTC | 06/24/2006 | Disposition | 11/06/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Merrimack Mutual Fire Insurance Company a/s/o
John McDonough
Active 11/07/2003

**Private Counsel** 655217
Edward A. Prisby
Clark Hunt & Embry
55 Cambridge Parkway
Cambridge, MA 02142
Phone: 617-494-1920
Fax:
Active 11/07/2003 Notify

**Defendant**
Applica Consumer Products, Inc
Active 01/26/2004

**Private Counsel** 641998
Geoffrey M Coan
Wilson Elser Moskowitz Edelman & Dicker LLP
155 Federal Street
5th Floor
Boston, MA 02110
Phone: 617-422-5300
Fax: 617-423-6917
Active 01/27/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/07/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 11/07/2003 | | Origin 1, Type B05, Track A. |
| 01/26/2004 | 2.0 | Notice of Removal to U.S. District Court of Massachusetts, Attested copies of all pleadings and docket sheet sent to Atty. Geoffrey M. Coan |
| 01/26/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

A TRUE COPY ATTEST

*Frank R. Powers*

CLERK

1-26-04

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                      PLYMOUTH SUPERIOR COURT
                                                   CIVIL ACTION NO. 03-1318B

MERRIMACK MUTUAL FIRE )
INSURANCE COMPANY, a/s/o JOHN )
McDONOUGH, )
    Plaintiff )
)
v. )                                               COMPLAINT
)
)
APPLICA CONSUMER PRODUCTS, )
INC., )
    Defendant )

The plaintiff, Merrimack Mutual Fire Insurance Company, as subrogee of John McDonough, through their attorney, hereby alleges as follows:

## PARTIES

1.    At all times material hereto, the plaintiff, Merrimack Mutual Fire Insurance Company (hereinafter referred to as "Merrimack Mutual"), is a duly organized insurance company licensed and authorized to conduct business in the writing of fire and allied lines of insurance coverage within the Commonwealth of Massachusetts, whose principal place of business is located in the Town of Andover, Commonwealth of Massachusetts.

2.    At all times material hereto, subrogor John McDonough (hereinafter referred to as "Mr. McDonough") is a resident of the Commonwealth of Massachusetts, as well as the owner of record and occupant of the residential property located at 76 Marginal Street, Marshfield, Massachusetts, which is the subject of this lawsuit.

3.    At all times material hereto, the defendant, Applica Consumer Products, Inc. (hereinafter referred to as "Applica"), is a Florida corporation that designs, manufactures and distributes small household appliances, that is actively engaged in

such business within the Commonwealth of Massachusetts, and whose principal place of business is located in the Town of Miami Lakes, State of Florida.

## JURISDICTION

4. Jurisdiction of the subject matter for this action is conferred upon this Court by virtue of Massachusetts General Laws including Chapter 212, Section 3, and Chapter 93A, Sections 2 and 9(4).

## ALLEGATIONS OF FACT

5. At all times material hereto, Applica designed, manufactured and distributed a line of electric toaster ovens, one of which was operated by Mr. McDonough for the purpose for which it was designed.

6. The toaster oven, however, was designed in such a way that during normal and foreseeable operation, the product caught fire.

7. As a direct and proximate result of the aforementioned defect, on or about February 4, 2002, during normal and foreseeable operation by Mr. McDonough, the product, being in essentially the same condition as when originally purchased, did, in fact, malfunction, igniting a fire within the subject premises, causing extensive damage to the dwelling and personal property located therein.

8. At the time of the subject incident, Merrimack Mutual had issued to Mr. McDonough a policy of homeowner's insurance, policy No. HP 184-48-70, with effective dates of September 2, 2001 to September 2, 2002.

9. Therefore, as a direct and proximate result of the defective product and fire, and in accordance with the conditions of said homeowner's insurance policy, Merrimack Mutual indemnified Mr. McDonough for his related property damage and additional living expenses in the total actual cash value amount of $196,335.74.

10. As a result, Merrimack Mutual is now legally subrogated to the recovery of the aforementioned claim payment from Applica, the manufacturer of the defective toaster oven.

### FIRST COUNT – BREACH OF EXPRESSED WARRANTY

11. The plaintiff repeats the allegations contained in paragraphs 1 through 10 above, and heretofore reincorporates them by reference herein.

12. The defendant, through labeling, advertisement and verbal representations directed to the attention of the public generally, expressly warranted that the subject product could be used for its intended or particular purpose and was safe and free from defects.

13. At the time the product was originally purchased, however, it was, in fact, defective, and not safe or reasonably suitable or fit for the purposes advertised.

14. As a result, the defendant's expressed warranties were not true, and such breaches of warranty proximately caused the plaintiff's damages as alleged herein.

### SECOND COUNT – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

15. The plaintiff repeats the allegations contained in paragraphs 1 through 14 above, and heretofore reincorporates them by reference herein.

16. The defendant impliedly warranted that the subject toaster oven was of merchantable quality, fit, safe and in proper condition for the ordinary use for which it was designed, manufactured and ultimately used. And in reliance upon the implied warranty of merchantability, the product was operated as set forth above.

17. The subject toaster oven, however, was not of merchantable quality, and, in fact, was not fit, safe or usable for any purpose for which it was designed and/or manufactured.

18. Therefore, as a direct and proximate result of the defendant's breach of implied warranty of merchantability, the plaintiff was damaged as set forth herein.

### THIRD COUNT – NEGLIGENCE

19. The plaintiff repeats the allegations contained in paragraphs 1 through 18 above, and heretofore reincorporates them by reference herein.

20. The subject toaster oven was designed and manufactured by the defendant with the reasonable expectation that it would be used by its consumer for its intended purpose, and knew or should have known, in the exercise of ordinary care, that if defectively designed or manufactured, the product was a potentially hazardous instrumentality.

21. In careless disregard of its duties, however, the defendant did, in fact, negligently design and/or manufacture the product, and furthermore, allowed the product to enter the stream of commerce, causing the plaintiff's damages as set forth herein.

### FOURTH COUNT – UNFAIR AND DECEPTIVE BUSINESS PRACTICES

22. The plaintiff repeats the allegations contained in paragraphs 1 through 21 above, and heretofore reincorporates them by reference herein.

23. At all times material hereto, the defendant was and continues to be engaged in interstate trade and/or commerce, including such business within the Commonwealth of Massachusetts.

24. The defendant's aforesaid breaches of warranty and negligence in designing and/or manufacturing, as well as distributing, a defective and unreasonably dangerous product constitute an unfair and deceptive business act or practice within the purview of the state's Consumer Protection Statute, as set forth under Massachusetts General Laws Chapter 93A, Sections 2 and 9(4).

25. As a result of the above-described unfair and deceptive act or practice, the plaintiff sustained extensive property damage. Therefore, on September 11, 2003, the plaintiff, through its attorney, Edward A. Prisby, delivered to Applica, via its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP (hereinafter referred to as "WEME&D"), via U.S. Postal Service, a demand letter for relief, with attached detailed supporting documentation, pursuant to the Consumer Protection Statute, identifying the claimant and reasonably describing the unfair acts or practices relied upon, and the damages sustained, along with an invitation to examine the product and other evidence preserved from the fire scene. A copy of the demand letter is attached hereto as Exhibit A.

26. In response, on October 8, 2003, WEME&D, on behalf of their client Applica, denied the presented claim. In violation of the governing Consumer Protection Statute, however, the noted declination letter failed to provide any reasonable basis for the defendant's failure to make a good faith settlement offer. The letter merely demanded examination of items and evidence properly made available during the discovery period of litigation. A copy of the declination letter is attached hereto as Exhibit B.

27. Accordingly, on October 14, 2003, Attorney Prisby notified Applica, via WEME&D, of the inadequacy of the defendant's declination letter. A copy of the subject letter is attached hereto as Exhibit C.

28. At all times material hereto, however, neither the defendant nor anyone acting on its behalf has made additional effort to explain the basis of the declination of the subject claim or made any attempt to settle the claim on a compromise basis. Therefore, in addition to the direct physical damage to the plaintiff's insured's

residence and personal property, the plaintiff has sustained further damage as a result of the defendant's continuing failure to resolve this matter in good faith.

WHEREFORE, the plaintiff, Merrimack Mutual, as subrogee of Mr. McDonough, requests the following relief:

1. Enter judgment against the defendant, Applica;
2. Award damages to the plaintiff for an amount necessary to invoke the jurisdiction of this Honorable Court;
3. Treble the amount of damages as provided by Massachusetts General Laws Chapter 93A;
4. Award the plaintiff interest, costs and attorneys' fees; and
5. Award such other relief as this Honorable Court deems just and appropriate.

### JURY DEMAND

Plaintiff, Merrimack Mutual, a/s/o Mr. McDonough, demands a trial by jury on all issues so triable.

Respectfully submitted,
On behalf of the plaintiff,
Merrimack Mutual Fire Insurance
Company, a/s/o John McDonough,
By their attorneys,

**CLARK, HUNT & EMBRY**

_____
Edward A. Prisby
BBO No. 655217
55 Cambridge Parkway
Cambridge, MA 02142
(617) 494-1920

Date: 11/5/03

6

| CIVIL ACTION COVER SHEET | 03-1318B | Trial Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|

| PLAINTIFF(S) MERRIMACK MUTUAL FIRE INSURANCE COMPANY, a/s/o JOHN McDONOUGH | DEFENDANT(S) APPLICA CONSUMER PRODUCTS, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Edward A. Prisby, Esq. Clark, Hunt & Embry 55 Cambridge Parkway, Cambridge, MA 02142 Board of Bar Overseers number: 655217 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Products Liability | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................. $ .............
2. Total Doctor expenses .................................. $ .............
3. Total chiropractic expenses ............................ $ .............
4. Total physical therapy expenses ........................ $ .............
5. Total other expenses (describe) ........................ $ .............
   Subtotal $ .............
B. Documented lost wages and compensation to date ......... $ .............
C. Documented property damages to date .................... $ 196,335.74
D. Reasonably anticipated future medical and hospital expenses ... $ .............
E. Reasonably anticipated lost wages ...................... $ .............
F. Other documented items of damages (describe)
   $ .............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

As a result of the defendant's faulty and negligent manufacture of their product, plaintiff's insured's property sustained fire damage.
$ .............
TOTAL $ 196,335.74

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY ATTEST
Frank R. Powers 1-26-04
CLERK

TOTAL $ .............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Edward A. Prisby_   DATE: 11/5/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- A01  Services, labor and materials  (F)
- A02  Goods sold and delivered  (F)
- A03  Commercial Paper  (F)
- A08  Sale or lease of real estate  (F)
- A12  Construction Dispute  (A)
- A99  Other (Specify)  (F)

**TORT**
- B03  Motor Vehicle negligence-personal injury/property damage  (F)
- B04  Other negligence-personal injury/property damage  (F)
- B05  Products Liability  (A)
- B06  Malpractice-medical  (A)
- B07  Malpractice-other(Specify)  (A)
- B08  Wrongful death,G.L.c.229,s2A  (A)
- B15  Defamation (Libel-Slander)  (A)
- B19  Asbestos  (A)
- B20  Personal Injury-Slip&Fall  (F)
- B21  Environmental  (A)
- B22  Employment Discrimination  (F)
- B99  Other (Specify)  (F)

**REAL PROPERTY**
- C01  Land taking (eminent domain)  (F)
- C02  Zoning Appeal, G.L. c.40A  (F)
- C03  Dispute concerning title  (F)
- C04  Foreclosure of mortgage  (X)
- C05  Condominium lien and charges  (X)
- C99  Other (Specify)  (F)

**EQUITABLE REMEDIES**
- D01  Specific performance of contract  (A)
- D02  Reach and Apply  (F)
- D06  Contribution or Indemnification  (F)
- D07  Imposition of Trust  (A)
- D08  Minority Stockholder's Suit  (A)
- D10  Accounting  (A)
- D12  Dissolution of Partnership  (F)
- D13  Declaratory Judgment G.L.c.231A  (A)
- D99  Other (Specify)  (F)

**MISCELLANEOUS**
- E02  Appeal from administrative Agency G.L. c. 30A  (X)
- E03  Action against Commonwealth Municipality, G.L. c.258  (A)
- E05  All Arbitration  (X)
- E07  c.112,s.12S (Mary Moe)  (X)
- E08  Appointment of Receiver  (X)
- E09  General contractor bond, G.L. c.149,s.29,29a  (A)
- E11  Workman's Compensation  (X)
- E14  Chapter 123A Petition-SDP  (X)
- E15  Abuse Petition, G.L.c.209A  (X)
- E16  Auto Surcharge Appeal  (X)
- E17  Civil Rights Act, G.L.c.12,s.11H  (A)
- E18  Foreign Discovery proceeding  (X)
- E96  Prisoner Cases  (F)
- E97  Prisoner Habeas Corpus  (X)
- E99  Other (Specify)  (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

RECEIVED
JAN 26 2004
PLYMOUTH SUPERIOR COURT

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                    SUPERIOR COURT
                                                 CIVIL ACTION NO. 2003-01318-B

MERRIMACK MUTUAL FIRE
INSURANCE COMPANY, a/so/ JOHN
McDONOUGH
        Plaintiff,

v.

APPLICA CONSUMER PRODUCTS, INC.,
        Defendant.



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY
JAN 26 2004
CLERK

### NOTICE OF CASE HAVING BEEN REMOVED

TO THE HONORABLE JUSTICE AND CLERK OF THIS COURT:

Applica Consumer Products, Inc., the named defendant in this action, files this Notice of Case Having Been Removed. Attached hereto is a true and correct copy of the Notice of Removal filed in the United States District Court for the District of Massachusetts, the filing of which effected the removal of this action.

Respectfully Submitted,
Applica Consumer Products, Inc.
By its attorneys,

Maynard M. Kirpalani, BBO# 273940
Geoffrey M. Coan, BBO# 641998
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: 1/23/04

A TRUE COPY ATTEST
CLERK
1-26-04

21991.1

CERTIFICATE OF SERVICE

I, Geoffrey M. Coan, hereby certify that I have this 23th day of January, 2004, served a copy of the foregoing upon all parties of record by mailing same postage prepaid to:

Edward A. Prisby, Esquire
Hunt, Clark and Embry
55 Cambridge Parkway
Cambridge, MA 02142

*Geoffrey M. Coan*
Geoffrey M. Coan

21991.1